## C. R. ESTES v. STATE.

No. A-2863.   Opinion Filed April 20, 1918.

(171 Pac. 1131.)

1.  **APPEAL AND ERROR—Weight and Sufficiency of Evidence— Accomplice's Testimony—Corroboration.**  A verdict of conviction, based upon the testimony of accomplices, detailing at length the circumstances of the crime charged and supported by the testimony of numerous witnesses, clearly connecting the accused with the offense, is not contrary to the law and the evidence.

2.  **TRIAL—Directed Acquittal.**  It is not error for the trial court to refuse to advise the jury to return a verdict of not guilty when there is any competent evidence tending reasonably to establish the crime charged.

*Appeal from District Court, Custer County;*
*Thomas A. Edwards, Judge.*

C. R. Estes was convicted of burglary, and he appeals.   Affirmed.

*M. L. Holcombe,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error was convicted at the April, 1916, term of the district court of Custer county on a charge of burglary, and his punishment fixed at imprisonment in the state penitentiary for a term of two years.

The only assignment of error is based upon the contention that the verdict is contrary to the law and the evidence.

The information charged the plaintiff in error with burglarizing a Chicago, Rock Island & Pacific box car at Clinton in Custer county, on the 17th day of March, 1916,

and taking therefrom certain merchandise, including a considerable quantity of Cascade whisky.

An examination of the record discloses the fact that the three accomplices, one of whom is serving a term in the state penitentiary for his connection with this transaction, testified against this plaintiff in error and disclosed the facts and acts constituting the crime. In addition to the testimony given by the accomplices, there were a number of other witnesses who testified to incriminating facts amply sufficient to corroborate the accomplices' testimony and to prove beyond a reasonable doubt the guilt of the defendant. The court correctly refused to sustain the demurrer to the evidence and to advise the jury to return a verdict of not guilty, and was equally correct in refusing to set aside the verdict on the ground that the same was contrary to the law and the evidence. There is no law question raised.

The judgment of conviction is therefore in all things affirmed.

DOYLE, P. J., and MATSON, J., concur.